# United States Court of Appeals
### For the Eighth Circuit

_____

No. 21-3190
_____

United States of America

*Plaintiff - Appellee*

v.

Diante Turman

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Eastern District of Missouri - St. Louis

_____

Submitted: October 17, 2022
Filed: December 9, 2022
[Unpublished]

_____

Before SMITH, Chief Judge, BENTON and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

After Diante Turman pled guilty to one count of possession of cocaine base with intent to distribute, in violation of 21 U.S.C. § 841, the district court[1] sentenced him to 120 months imprisonment, followed by 3 years of supervised release.

_____

[1]The Honorable Stephen R. Clark, United States District Judge for the Eastern District of Missouri.

Turman appeals, arguing that the district court erroneously applied the United States Sentencing Guidelines (USSG) § 4B1.1 "career offender" provision in calculating his Guidelines range. Having jurisdiction under 28 U.S.C. § 1291, we affirm.

Turman was indicted on five separate counts arising from the discovery of significant amounts of crack cocaine, cocaine, and marijuana, as well as several firearms in his vehicle and home. Turman entered a guilty plea to one count of possession of cocaine base, and, at sentencing, the district court adopted the Presentence Investigation Report (PSR) prepared by the United States Probation Office. The PSR determined that Turman qualified as a career offender under USSG § 4B1.1(a), based on two previous convictions under Missouri law for a crime of violence and, as relevant to this appeal, a controlled substance offense: possession of marijuana with intent to distribute, in violation of Missouri Revised Statutes § 195.211 (2016). The district court ultimately calculated Turman's total offense level at 29, with a criminal history category of VI, resulting in a Guidelines range of 151 to 188 months imprisonment. The district court then varied downward and imposed a sentence of 120 months. Finally, the district court dismissed the remaining counts against Turman.

On appeal, Turman asserts that the district court erroneously applied the career-offender provision because his previous marijuana conviction cannot qualify as the requisite controlled substance offense. Specifically, Turman argues that, at the time of his marijuana conviction, Missouri law defined marijuana to include hemp, but both Missouri and federal law have since revised the definition of marijuana to exclude hemp. According to Turman, a prior conviction must qualify as a controlled substance offense under the Guidelines in effect at the time of the federal sentencing, not at the time of the prior conviction, so his marijuana conviction is categorically overbroad and cannot qualify as a controlled substances offense. "We review *de novo* whether a prior conviction is a sentencing enhancement predicate." United States v. Henderson, 11 F.4th 713, 716 (8th Cir. 2021), cert. denied, 142 S. Ct. 1696 (2022).

This Court has recently rejected similar claims regarding the delisting of hemp as part of the definition of marijuana under other states' statutes and federal law. In United States v. Jackson, No. 20-3684, 2022 WL 303231 (8th Cir. Feb. 2, 2022) (per curiam), cert. denied, No. 21-8127, 2022 WL 4653426 (Oct. 3, 2022), we stated the following:

> We determined in Henderson that U.S.S.G. § 4B1.2(b) contains "no requirement that the particular substance underlying the state offense is also controlled under [the CSA]." Instead, we agreed with the Fourth Circuit's interpretation that the "ordinary meaning of . . . 'controlled substance,' is any type of drug whose manufacture, possession, and use is regulated by law." Jackson concedes he was convicted of delivering and possessing with intent to deliver marijuana, a drug regulated by Iowa law. Whether the statute additionally proscribed hemp within the definition of marijuana is immaterial.
>
> Attempting to distinguish Henderson, Jackson emphasizes that Iowa, too, has removed hemp from its marijuana definition since his convictions occurred. But we may not look to "current state law to define a previous offense." Jackson's uncontested prior marijuana convictions under the hemp-inclusive version of Iowa Code § 124.401(1)(d) categorically qualified as controlled substance offenses for the career offender enhancement.

Id. at *1-2 (alterations in original) (citations omitted). Although Jackson was not precedential, see 8th Cir. R. 32.1A, in United States v. Bailey, 37 F.4th 467 (8th Cir. 2022), we "adopt[ed Jackson's] reasoning" in a published, precedential opinion. Id. at 469. This reasoning is equally applicable to Turman's claims. However Turman's argument may be construed, he does not meaningfully distinguish it from the argument we considered and rejected in Jackson. We thus reject Turman's claims that his previous conviction was overbroad and could not serve as a basis for application of the career offender provision.

For the foregoing reasons, we affirm the judgment of the district court.

_____